D. Scott Hemingway
TX Bar No. 09407880
Hemingway & Hansen, LLP
1717 Main Street, Suite 2500
Dallas, Texas 75201
Phone: (214) 292-8301
Fax:    (214) 739-5209
Email: shemingway@hemlaw.org

Douglas A. Pettit
Pettit Kohn Ingrassia & Lutz PC
12250 El Camino Real, Ste 350
San Diego, CA  92130
Phone: (858) 755-8500
Fax: (858) 755-8504
dpettit@pettitkohn.com

Attorney for Robert Weinberg, Whitson Wells
PMG, LLC and "Purple G"

## UNITED STATES DISTRICT COURT FOR THE

## SOUTHERN DISTRICT OF CALIFORNIA

## SAN DIEGO DIVISION

| | |
|---|---|
| ADDVENTURE PRODUCTS, INC., a California corporation,<br><br>Plaintiff,<br>vs.<br><br>ROBERT WEINBERG, et al.,<br><br>Defendants. | Case No:3:07-CV-02024-BTM-AJB<br><br>**DEFENDANT ROBERT S. WEINBERG'S BRIEF IN SUPPORT OF MOTION TO DISMISS** |

**DEFENDANT ROBERT S. WEINBERG'S
BRIEF IN SUPPORT OF RULE 12(B) MOTION TO DISMISS**

COMES NOW Defendant, Robert S. Weinberg, and files this Fed. R. Civ. P. Rule 12(b) Motion to Dismiss as follows.

## I. INTRODUCTION

In the Plaintiff's Complaint, the Plaintiffs fails to establish any supported basis for this Court to assert personal jurisdiction over Robert S. Weinberg, and the Plaintiff fails to state a claim for infringement of the patents against Mr. Weinberg. Under Rule 12(b)(2) and (6) of the Federal Rules, the Complaint against Mr. Weinberg should be dismissed.

## II. THE FACTUAL BACKGROUND

1. On October 18, 2007, the Plaintiff Addventure Products filed the present Complaint alleging patent infringement against Mr. Weinberg in his individual capacity as a named Defendant. The Complaint alleges that Mr. Weinberg personally engaged in the accused activities in this forum, even though Mr. Weinberg has not engaged in any activities related to the accused activities in the forum and he hardly has the minimum contacts with the forum of California to make the exercise of personal jurisdiction reasonable.

2. Mr. Weinberg has provided a sworn declaration (Exhibit 1 hereto), that is undisputed by any evidence supplied by the Plaintiffs, as follows:

    a. He is a resident of Texas. He does not own or control any business in the State of California, the Southern District of California, or San Diego, California, and he is not engaged in any regular and established business in the State of California, the Southern District of California, or San Diego, California. *Exhibit 1, Weinberg Decl., ¶ 1.*

    b. He does not engage in any advertising or promotional sales activities in his individual capacity in this forum (California) or elsewhere, and he does not engage in any advertising or promotional sales activities in his individual capacity in this forum (California) or elsewhere. *Exhibit 1, Weinberg Decl., ¶ 2.*

  c. He does not personally make, use, sell or offer for sale any compressed fabric promotional items, and he does not conduct any type of personal business in this forum (California) that relates in any manner to the accusations in the Complaint. *Exhibit 1, Weinberg Decl.,* ¶ 3.

  d. He does not own or operate any website for his own personal use, and he does not advertise, solicit, or offer any personal services to or in the State of California, the Southern District of California, or San Diego, California. *Exhibit 1, Weinberg Decl.,* ¶ 4.

  e. He does not personally engage in any of the accused activities in this lawsuit in his individual capacity, in this forum or anywhere else. *Exhibit 1, Weinberg Decl.,* ¶ 5.

  f. He is involved with the business of two Defendants in this matter, Whitson Wells PMG LLC and "Purple G," but neither of these two businesses has ever shipped to or consummated a sale of any compressed fabric promotional items in the State of California, the Southern District of California, or San Diego, California. *Exhibit 1, Weinberg Decl.,* ¶ 6.

  g. While he is involved with the business affairs of the other Defendants, Whitson Wells PMG, LLC and "Purple G," his role in those businesses is well-defined as a corporate officer, director or manager. Any actions taken on behalf of those businesses were not made in his personal and individual capacity, but were made solely on behalf of the businesses. *Exhibit 1, Weinberg Decl.,* ¶ 7.

  h. Regardless, none of the actions taken by him in the business affairs of the other two Defendants, Whitson Wells PMG LLC and "Purple G," included the shipment

or consummated sale of any compressed fabric promotional item to the State of California, the Southern District of California, or San Diego, California. *Exhibit 1, Weinberg Decl., ¶ 8.*

    i. With respect to activities alleged in the Complaint, he does not believe he has sufficient minimum contacts with the forum of California because he did not perform any act or consummate any transaction in the State of California relating to the subject matter of this lawsuit that would purposefully avail himself of the privilege of conducting activities in the forum. *Exhibit 1, Weinberg Decl., ¶ 9.*

    j. The claims in the Addventure lawsuit do not arise from his personal and individual activities in the State of California. *Exhibit 1, Weinberg Decl., ¶ 10.*

    k. With respect to any other contacts with the State of California unrelated to the allegations in the Addventure lawsuit, Mr. Weinberg has no continuous or systematic contacts with the State of California. *Exhibit 1, Weinberg Decl., ¶ 11.*

## III. ARGUMENT

In response to the Complaint, the Defendant must present a pre-answer motion identifying any applicable Fed. R. Civ. P. Rule 12(b) defense. *Wright & Miller, 5b Federal Practice & Procedure 3d,* §§ 1346-49 (2004); 2 Moore's Federal Practice 3d §§12.01-12.03 (2005); *Pebble Beach Co. v. Michael Caddy,* 453 F.3d 1151 (9th Cir. 2006); *Schnabel v. Lui,* 302 F.3d 1023 (9th Cir. 2002); *Albany Ins. Co. v. Almacenadora Somex,* 5 F.3d 907, 909 (5th Cir. 1993). The basis for the present motion to dismiss is lack of personal jurisdiction under Rule 12(b)(2) and failure to state a claim of infringement against Mr. Weinberg personally under Rule 12(b)(6).

A. **Mr. Weinberg Should Be Dismissed from this Action Under Fed. R. Civ. P. Rule 12(b)(2)**

As this Court appears to be familiar with the applicable standards for analyzing personal jurisdiction in the State of California, this motion will not presume to occupy this Court's time with a lengthy review the tests used to analyze general and specific personal jurisdiction. *See Pebble Beach,* 453 F.3d 1151 (9th Cir. 2006) (minimum contacts test) (*cited in In Re Infosonics Corporation Derivative Litigation,* 2007 U.S. Dist. LEXIS 20450, *6) (J. Moskowitz); *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408 (1984) (review of specific and general personal jurisdiction principles).

Where a non-resident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff shoulders the burden of establishing jurisdiction over those defendants. *Id., see also, Stuart v. Spademan,* 772 F.2d 1185, 1192 (5th Cir. 1985). In the present case, the Plaintiff cannot sustain a showing of any personal contacts with the forum by this Defendant relating to the merits of this lawsuit. The Defendant Weinberg has had no contacts with this forum relating to the accused activities in the Addventure lawsuit, and as such, Mr. Weinberg did not perform any act or consummate any transaction within the forum or otherwise purposefully avail himself of the privilege of conducting activities in the forum. *Pebble Beach, id. at 1155.* Because none of the claims in the lawsuit arise from Mr. Weinberg's personal and individual activities in the forum, the exercise of specific personal jurisdiction over him personally would be unreasonable and improper. *Id.* Further, Mr. Weinberg's contacts with the forum of California that are unrelated to claims and causes of action in the

Addventure Complaint are not continuous or systematic, and therefore, the exercise of general personal jurisdiction over him would be inappropriate.

The exercise of personal jurisdiction over Mr. Weinberg should be improper because it would offend the traditional notions of fair play and substantial justice, it would not comport with due process, and it would not comply with the standards set by the California and Federal long-arm statutes. *Id.* Without any support for a claim of personal jurisdiction over Mr. Weinberg, this Court should dismiss the lawsuit against him under Fed. R. Civ. P. Rule 12(b)(2).

### B. Mr. Weinberg Should Be Dismissed from the Patent Infringement Claims Under Fed. R. Civ. P. Rule 12(b)(6)

The applicable standards to be applied in the Rule 12(b)(6) analysis also appear to be well-known to this Court. *Stratcap Investments, Inc. v. Harrah's Operating Co.*, 2007 U.S. Dist. LEXIS 45377, *3-4 (S. D. Cal. June 21, 2007) (J. Moskowitz). The question before the Court in Rule 12(b)(6) analysis is whether, in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief against this Defendant. *Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Conley v. Gibson*, 355 U.S. 41 (1957); *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).

Put another way, dismissal is warranted if it appears certain that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief. *Conley*, 355 U.S. 41 (1957); *Wright & Miller*, 5B-5c, *Federal Practice & Procedure 3d* §§1355-58 (2004 & Supp. 2006); 2 *Moore's Federal Practice 3d* §12.34 (2006); *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995) (quoting *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524

(5th Cir. 1994)). In the present case, dismissal is appropriate because the Plaintiff cannot prove any set of facts that would establish any acts of direct or indirect infringement by Mr. Weinberg personally.

Mr. Weinberg does not personally make, use, sell or offer for sale any of the accused devices in his individual or personal capacity, and as such, Mr. Weinberg's actions do not constitute direct acts of patent infringement by Mr. Weinberg. None of Mr. Weinberg's actions with respect to the accused products are personal activities conducted by him as an individual – only as an officer, director and member of the corporate entities also named as a Defendant in this action. Apart from those activities inside the business as a representative of the business, the Plaintiff has no supporting evidence that Mr. Weinberg personally committed any acts of patent infringement relating to the compressed fabric promotional items, in this forum or elsewhere.

Accusations made against a business cannot be automatically accessed against the officers or directors of a corporation in a patent infringement action without a showing of special circumstances, which does not exist in this matter. Further, the Plaintiff failed to allege in its Complaint any of these special circumstances necessary to include a corporation's officer or director as a named defendant in this patent infringement action. Without a proper allegation that is supported by evidence, Mr. Weinberg should not be named as a personal defendant in the present lawsuit, and he should be dismissed from this action under Rule 12(b)(6).

## IV.  CONCLUSION

In light of the foregoing, Mr. Weinberg should be dismissed from the present action under Fed. R. Civ. P. Rule 12(b)(2) and (6).

**DATED** this 5th day of December, 2007.

> Respectfully submitted,
>
> /s/ D. Scott Hemingway
> D. Scott Hemingway
> Texas Bar No. 09407880
> Hemingway & Hansen, LLP
> 1717 Main Street, Suite 2500
> Dallas, Texas  75201
> Ph: (214) 292-8301
> Fax: (214) 739-5209
>
> Douglas A. Pettit
> Pettit Kohn Ingrassia & Lutz PC
> 12250 El Camino Real, Ste 350
> San Diego, CA  92130
> Phone: (858) 755-8500
> Fax: (858) 755-8504
> dpettit@pettitkohn.com
>
> **Attorney for Defendant**
> **Robert S. Weinberg**

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was served on December 5, 2007 upon all counsel of record by electronic mail delivery through the Court docketing and notification system. Any counsel not subscribed to the electronic mail notification system were provided with a copy of the same in the United States Mail, postage prepaid, and sent to their last known address as follow:

Anthony J. Dain
John L. Roberts
Procopio, Cory, Hargreaves & Savitch, LLP
530 B Street, Suite 2100
San Diego, CA 92101

/s/ D. Baragan