D. Scott Hemingway
TX Bar No. 09407880
Hemingway & Hansen, LLP
1717 Main Street, Suite 2500
Dallas, Texas 75201
Phone: (214) 292-8301
Fax:    (214) 739-5209
Email: shemingway@hemlaw.org

Douglas A. Pettit
Pettit Kohn Ingrassia & Lutz PC
12250 El Camino Real, Ste 350
San Diego, CA  92130
Phone: (858) 755-8500
Fax: (858) 755-8504
dpettit@pettitkohn.com

Attorney for Robert S. Weinberg, Whitson Wells
PMG, LLC and "Purple G"

# UNITED STATES DISTRICT COURT FOR THE

## SOUTHERN DISTRICT OF CALIFORNIA

## SAN DIEGO DIVISION

| | |
|---|---|
| ADDVENTURE PRODUCTS, INC., a California corporation,<br><br>Plaintiff,<br>vs.<br><br>ROBERT WEINBERG, et al.,<br><br>Defendants. | Case No:3:07-CV-02024-BTM-AJB<br><br>**DEFENDANTS WHITSON WELLS PMG LLC, AND PURPLE G'S BRIEF IN SUPPORT OF MOTION TO DISMISS** |

**DEFENDANTS WHITSON WELLS PMG, LLC AND
"PURPLE G" BRIEF IN SUPPORT OF
RULE 12(B) MOTION TO DISMISS**

COMES NOW Defendants, Whitson Wells PMG, LLC and "Purple G", and files this Fed. R. Civ. P. Rule 12(b) Motion to Dismiss as follows.

## I. INTRODUCTION

The Plaintiff fails to allege any supported basis for asserting personal jurisdiction over Defendants, Whitson Wells, PMG LLC and "Purple G," and the Plaintiff fails to state a claim for infringement of the patents against any of these Defendants. Defendants, Whitson Wells, PMG, LLC and "Purple G" respectfully request that they be dismissed from the present action under Fed. R. Civ. P. Rule 12(b)(2) and (6).

## II. THE FACTUAL BACKGROUND

1. On October 18, 2007, the Plaintiff Addventure Products filed the present Complaint alleging patent infringement against Whitson Wells PMG, LLC and "Purple G." The Complaint alleges that these entities directly engaged in the accused activities in this forum, even though neither of these entities has engaged in any activities related to compressed fabric promotional items in this forum and neither entity has the requisite minimum contacts with the forum of California to make the exercise of personal jurisdiction reasonable.

2. The Managing Director of Whitson Wells PMG, LLC, Mr. Weinberg, has provided a sworn declaration (Exhibit 1 hereto), that is undisputed by any evidence supplied by the Plaintiffs, as follows:

   a. Defendants Whitson Wells PMG, LLC is a limited liability company incorporated in Texas. *Exhibit 1, Weinberg Decl., ¶ 1.*

   b. "Purple G" is an entity doing business under that name, and it is directly affiliated with Whitson Wells PMG, LLC. *Exhibit 1, Weinberg Decl., ¶ 1.*

  c. Both Whitson Wells PMG, LLC and Purple G operate from Dallas, Texas, and neither of these entities is located in or operates out of the State of California, the Southern District of California, or San Diego, California. *Exhibit 1, Weinberg Decl., ¶ 2.*

  d. Whitson Wells PMG, LLC and Purple G are not corporations or business entities registered with the California Secretary of State's office, and neither entity is engaged in any regular and established business in the State of California, the Southern District of California or San Diego, California relating to compressed fabric promotional articles. *Exhibit 1, Weinberg Decl., ¶ 3.*

  e. Whitson Wells PMG, LLC does not directly engage in any promotional or marketing sales activities, and Whitson Wells PMG, LLC does not offer, sell, invoice or ship any promotional or marketing materials of any kind to anyone or anywhere, including the State of California, the Southern District of California or San Diego, California. *Exhibit 1, Weinberg Decl., ¶ 4.*

  f. Whitson Wells PMG, LLC does not directly make, use, sell or offer for sale any compressed fabric promotional items or conduct any type of business with those articles that could be considered to be covered by any of the accusations in this Complaint. *Exhibit 1, Weinberg Decl., ¶ 5.*

  g. Whitson Wells PMG, LLC does not operate a website for Whitson Wells PMG, LLC to advertise or promote any services related to compressed fabric promotional articles. *Exhibit 1, Weinberg Decl., ¶ 6.*

  h. Whitson Wells PMG, LLC and Purple G have never shipped or consummated the sale of any compressed fabric promotional product in or to the State of

California, the Southern District of California or San Diego, California. *Exhibit 1, Weinberg Decl., ¶ 7.*

  i. Purple G has not directly engaged in any promotional or marketing sales activities relating to compressed promotional items in the State of California, the Southern District of California or San Diego, California, and Purple G has not consummated any sales of, or shipped, any compressed promotional items to anyone in the State of California, the Southern District of California or San Diego, California. *Exhibit 1, Weinberg Decl., ¶ 8.*

  j. Purple G has not directly made, used, or consummated the sale of any compressed fabric promotional items or conducted any type of business with those articles that could be considered to be covered by any of the accusations in this Complaint in the State of California, the Southern District of California or San Diego, California. *Exhibit 1, Weinberg Decl., ¶ 9.*

  k. Purple G operates a website, but it is passive website that does not allow for interactive responses from the website browser. The Purple G website does not allow for orders to be submitted, and there is no contact information that is provided on the website to allow browsers to respond to the website. *Exhibit 1, Weinberg Decl., ¶ 10.*

  l. None of the compressed fabric promotional items produced, sold or marketed by Purple G in other forums are capable of being returned to its original un-compacted condition by manipulation without the addition of a liquid. *Exhibit 1, Weinberg Decl., ¶ 11.* Like the Plaintiff Addventure Products' compacted fabric promotional items, the compacted promotional items produced and sold by Purple G require the addition of water during a wash cycle. *See Exhibit 2, Addventure Prods. Catalog, p. 5 (showing washing*

*necessary to get fabric back to un-compacted state).* As such, both the Purple G and the Plaintiff's compacted promotional items do not practice a vital and necessary step in the only utility patent asserted in this matter. *See Claims 1, 8, and 10 of U.S. Patent No. 5,042,227.*

  m. None of the compressed fabric items produced or sold by Purple G in other forums include, possess, or contain the ornamental and protectible aspects of the asserted design patents. *Exhibit 1, Weinberg Decl., ¶ 12.*

### III. ARGUMENT

In response to the Complaint, the Defendant must present a pre-answer motion identifying any applicable Fed. R. Civ. P. Rule 12(b) defense. *Wright & Miller, 5b Federal Practice & Procedure 3d,* §§ 1346-49 (2004); 2 Moore's Federal Practice 3d §§12.01-12.03 (2005); *Pebble Beach Co. v. Michael Caddy,* 453 F.3d 1151 (9th Cir. 2006); *Schnabel v. Lui,* 302 F.3d 1023 (9th Cir. 2002); *Albany Ins. Co. v. Almacenadora Somex,* 5 F.3d 907, 909 (5th Cir. 1993). The basis for the present motion to dismiss is lack of personal jurisdiction under Rule 12(b)(2) and failure to state a claim of infringement against Mr. Weinberg personally under Rule 12(b)(6).

  **A.** **Whitson Wells PMG, LLC and Purple G Should Be Dismissed from this Action Under Fed. R. Civ. P. Rule 12(b)(2)**

As this Court appears to be familiar with the applicable standards for analyzing personal jurisdiction in the State of California, this motion will not presume to occupy this Court's time with a lengthy review the tests used to analyze general and specific personal jurisdiction. *See Pebble Beach,* 453 F.3d 1151 (9th Cir. 2006) (minimum contacts test) (*cited in In Re Infosonics Corporation Derivative Litigation,* 2007 U.S. Dist. LEXIS 20450, *6) (J.

Moskowitz); *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408 (1984) (review of specific and general personal jurisdiction principles).

Where a non-resident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff shoulders the burden of establishing jurisdiction over those defendants. *Id., see also, Stuart v. Spademan,* 772 F.2d 1185, 1192 (5th Cir. 1985). In the present case, the Plaintiff cannot sustain a showing of any contacts with the forum by these Defendant relating to the compressed fabric promotional items in this lawsuit. Whitson Wells PMG, LLC and Purple G have had no contacts with this forum relating to the accused activities in the Addventure lawsuit, and as such, they did not perform any act or consummate any transaction within the forum or otherwise purposefully avail those entities of the privilege of conducting activities in the forum. *Pebble Beach, id.* at *1155.*

Because none of the claims in the lawsuit arise from the activities of Whitson Wells PMG, LLC and Purple G in the forum, the exercise of specific personal jurisdiction over them would be unreasonable and improper. *Id.* Further, Whitson Wells PMG, LLC and Purple G contacts with the forum of California that are unrelated to claims and causes of action in the Addventure Complaint are not continuous or systematic, and therefore, the exercise of general personal jurisdiction over either entity would be inappropriate.

The exercise of personal jurisdiction over Whitson Wells PMG, LLC and Purple G would be improper because it would offend the traditional notions of fair play and substantial justice, it would not comport with due process, and it would not comply with the standards set by the California and Federal long-arm statutes. *Id.* Without any support for a claim of

personal jurisdiction over Whitson Wells PMG, LLC and Purple G, this Court should dismiss the lawsuit against him under Fed. R. Civ. P. Rule 12(b)(2).

### B. Whitson Wells PMG, LLC and Purple G Should Be Dismissed from the Patent Infringement Claims Under Fed. R. Civ. P. Rule 12(b)(6)

The applicable standards to be applied in the Rule 12(b)(6) analysis also appear to be well-known to this Court. *Stratcap Investments, Inc. v. Harrah's Operating Co.*, 2007 U.S. Dist. LEXIS 45377, *3-4 (S. D. Cal. June 21, 2007) (J. Moskowitz). The question before the Court in Rule 12(b)(6) analysis is whether, in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief against this Defendant. *Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Conley v. Gibson*, 355 U.S. 41 (1957); *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).

Put another way, dismissal is warranted if it appears certain that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief. *Conley*, 355 U.S. 41 (1957); *Wright & Miller*, 5B-5c, *Federal Practice & Procedure 3d §§1355-58 (2004 & Supp. 2006)*; *2 Moore's Federal Practice 3d §12.34 (2006)*; *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995) (quoting *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)). In the present case, dismissal is appropriate because the Plaintiff cannot prove any set of facts that would establish any acts of direct or indirect infringement by Whitson Wells PMG, LLC or Purple G.

First, Whitson Wells PMG, LLC does not directly make, use, sell or offer for sale any compressed fabric promotional items, which means there is no sustainable infringement claim against Whitson Wells PMG, LLC. Second, none of the compressed fabric promotional items

produced, sold or marketed by Purple G in other forums are capable of being returned to its original un-compacted condition by manipulation without the addition of a liquid. *Exhibit 1, Weinberg Decl., ¶11.* Like the Plaintiff Addventure Products' compacted fabric promotional items, the compacted promotional items produced and sold by Purple G require the addition of water during a wash cycle. *See Exhibit 2, Addventure Prods. Catalog, p. 5 (showing washing necessary to get fabric back to un-compacted state).* As such, both the Purple G and the Plaintiff's compacted promotional items do not practice the necessary step in the only utility patent asserted in this matter. *See Claims 1, 8, and 10 of U.S. Patent No. 5,042,227.* There is no set of facts that can be proven to support the claim of patent infringement of the '227 Patent against Whitson Wells PMG, LLC and Purple G.

The Federal Circuit Court of Appeals has recently agreed to hear *en banc* a case entitled *Egyptian Goddess,* which will address the proper infringement analysis to be applied to design patents. *Exh. 3, AIPLA Notice of En Banc Hearing.* If consistent with the analysis given for past design patent cases, the protectible scope of a design patent would include only the ornamental aspects shown in the design patent, which have not been identified by the Plaintiff in the Complaint and which are not present in the compressed fabric items produced or sold by Purple G in other forums. *Exhibit 1, Weinberg Decl., ¶ 12.*

The Plaintiff has failed to identify the ornamental aspects of the asserted design patents (as opposed to elements common to all U.S. flags, tennis shoes, football helmets, wine bottles, etc.), which should be required for a proper pleading of design patent infringement. The Plaintiff has also failed to identify any product sold by Purple G that possesses the protectible ornamental elements of the Plaintiff's design patents. Because the Defendant

Purple G does not produce, make, use or sell any products that possess the protectible elements in the Plaintiff's design patents, there is no set of facts that can be asserted that will support a claim of infringement against Purple G. In light of the above facts, Whitson Wells PMG, LLC and Purple G should be dismissed from this case under Rule 12(b)(6).

## IV. CONCLUSION

At the present time, Whitson Wells PMG, LLC and Purple G respectfully requests that it be dismissed from the present action under Fed. R. Civ. P. Rule 12(b)(2) and (6).

**DATED** this 5th day of December, 2007.

Respectfully submitted,

/s/ D. Scott Hemingway
D. Scott Hemingway
Texas Bar No. 09407880
Hemingway & Hansen, LLP
1717 Main Street, Suite 2500
Dallas, Texas 75201
Ph: (214) 292-8301
Fax: (214) 739-5209

Douglas A. Pettit
Pettit Kohn Ingrassia & Lutz PC
12250 El Camino Real, Ste 350
San Diego, CA 92130
Phone: (858) 755-8500
Fax: (858) 755-8504
dpettit@pettitkohn.com

**Attorney for Defendants
Robert S. Weinberg, Whitson Wells PMG, LLC and "Purple G"**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing motion was served on December 5, 2007 upon all counsel of record by electronic mail delivery through the Court docketing and notification system. Any counsel not subscribed to the electronic mail notification system were provided with a copy of the same in the United States Mail, postage prepaid, and sent to their last known address as follow:

Anthony J. Dain
John L. Roberts
Procopio, Cory, Hargreaves & Savitch, LLP
530 B Street, Suite 2100
San Diego, CA 92101

/s/ D. Baragan