Anthony J. Dain (SBN 098947)
John L. Roberts (SBN 208927)
PROCOPIO, CORY, HARGREAVES
 & SAVITCH LLP
530 B Street, Suite 2100
San Diego, California 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398
Email: ajd@procopio.com
       jlr@procopio.com

Attorneys for Plaintiff
ADDVENTURE PRODUCTS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADDVENTURE PRODUCTS, INC., a California corporation,<br><br>   Plaintiff,<br><br>v.<br><br>ROBERT WEINBERG, an individual, WHITSON WELLS PMG, LLC, a Texas Limited Liability Company, and DOES 1-10, collectively d/b/a "Purple G,"<br><br>   Defendants. | CASE NO. 3:07-cv-02024-BTM-AJB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT ROBERT WEINBERG'S MOTION TO DISMISS**<br><br>Date: February 1, 2008<br>Time: 11:00 am<br>Ctrm: 15<br>Hon. Barry T. Moskowitz |

---

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT
ROBERT WEINBERG'S MOTION TO DISMISS

CASE NO. 3:07-cv-02024-BTM-AJB

113879.000006/.01


## I. INTRODUCTION

Defendant Robert Weinberg has moved to be dismissed from this case on two grounds: lack of personal jurisdiction; and failure to state a claim of patent infringement under Rule 12(b)(6).  Plaintiff AddVenture Products, Inc. ("AddVenture") opposes this motion for the reasons stated below, and based on the pleadings in this case and the accompanying declarations of Messrs. John Roberts, Brad White and Robert Jones.

## II. THE COMPLAINT STATES VALID CLAIMS FOR PATENT INFRINGEMENT AGAINST ROBERT WEINBERG

The Supreme Court recently explained what is necessary for a claimant to state a claim:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

*Bell Atlantic Corp. v. Twombly*, ___ US ____, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)) ("*Bell Atlantic*"); *see also* Fed. R. Civ. P. Form 16 (2006) (setting forth a sample complaint for patent infringement that includes only the following elements: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages); *Conley*, 355 U.S. at 47 (stating that "[the] illustrative forms appended to the Rules plainly demonstrate [the pleading requirements]").  It logically follows that a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he or she must defend. *See Bell Atlantic*, 127 S. Ct. at 1971 n. 10 (stating "[a] defendant wishing to prepare an answer in the simple fact pattern laid out in Form 9 [in the Federal Rules of Civil Procedure] would know what to answer; …").  "Thus, a plaintiff in a patent infringement suit is not required to

-2-
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT
ROBERT WEINBERG'S MOTION TO DISMISS
CASE NO. 3:07-cv-02024-BTM-AJB

113879.000006/.01

specifically include each element of the claims of the asserted patent." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357-1358 (Fed. Cir. 2007) (citation omitted).

Here, AddVenture's complaint includes: (1) allegations of jurisdiction stretching over more than one full page (¶¶ 10-15); (2) statements that the plaintiff owns the patents (¶¶ 17, 24, 31, 38, 45, 52, 59, 66, 73, 80, 87, and 94); (3) statements that all defendants have been infringing the patents by making, using, offering for sale and selling products embodying the patented designs or using the patented compression method, *and/or inducing others* to do the same (¶¶ 19, 26, 33, 40, 47, 54, 61, 68, 75, 82, 89 and 96); (4) statements that all defendants are on notice of their infringement, and are in fact infringing willfully (¶¶ 20, 27, 34, 41, 48, 55, 62, 69, 76, 83, 90 and 97); and (5) a demand for an injunction and damages as to each claim (Prayer for Relief, pgs. 15-21). Accordingly, AddVenture's complaint contains enough detail to allow the defendant Weinberg to answer and thus meets the notice pleading required to survive a Rule 12(b)(6) motion. *See McZeal,* 501 F.3d at 1357-1358 (citing *Conley*, 355 U.S. at 47-48; *Phonometrics*, 203 F.3d at 794). Nothing more is required. *Id*.

Defendant urges the Court to grant his 12(b)(6) motion based on factual allegations of non-infringement. Such arguments regarding the merits of the case against Mr. Weinberg are frivolous for purposes of a Rule 12(b)(6) motion. To the extent Defendant is making an unstated attempt to seek summary judgment with his motion, it fails because, among other reasons, the facts are controverted (*see, e.g.*, the accompanying declarations of Messrs. John Roberts, Brad White and Robert Jones). Moreover, summary judgment would simply be improper at this incipient stage of the case; at a minimum a Rule 56(f) continuance would be required for, among other things, reasonable discovery on the disputed allegations and Mr. Weinberg's role in Purple G. Accordingly, AddVenture will not further address Defendant's improper factual allegations at this time, other than to say they are wrong.

For all the foregoing reasons, the portion of Defendant's motion based on Rule 12(b)(6) should be denied. *Accord, Gilligan v. Jamco Development Co.*, 108 F.3d 246, 249 (9th Cir.

-3-
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT
ROBERT WEINBERG'S MOTION TO DISMISS
CASE NO. 3:07-cv-02024-BTM-AJB

113879.000006/.01

1997) (due to the liberal pleading standards in the Federal Rules, "[i]t is axiomatic that 'the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.'").

### III.     THIS COURT HAS PERSONAL JURISDICTION OVER WHOEVER IS BEHIND PURPLE G

Defendant is wrong on the facts.  Purple G regularly directs order-seeking advertising specifically to California companies, including in San Diego.  *See* Declaration of Brad White, ¶¶ 1-8 and Exhibits A-E.  Purple G's own advertising indicates that it ships compressed t-shirts nationwide, and includes an arrow pointing right into California.  *See* Declaration of John Roberts, Exhibit A, pg. 6.  Purple G presently has a booth at an industry trade show in Las Vegas, Nevada, where Purple G is courting numerous California-based customers and potential customers of compressed t-shirts.  White Decl., ¶ 10.

But perhaps most tellingly, and directly contrary to the declaration of Defendant Weinberg, AddVenture already has proof that Purple G has knowingly negotiated for the sale of compressed t-shirts to a San Diego customer, for shipment to an end client in Napa, California. *See* Declaration of Robert Jones, ¶ 2 and Exhibit A.  Moreover, further soliciting business from California, Purple G has sent samples of compressed t-shirts to a California buyer in San Diego. Jones Decl., ¶ 3.  These compressed t-shirts from Purple G are all alleged to infringe AddVenture's utility patent, and certain shapes are alleged to infringe AddVenture's design patents as set forth in the complaint.  *See, e.g.,* Jones Decl., ¶ 2 and Exhibit A (Purple G quoting wine bottle shape with San Diego customer for shipment to California); *id*. at  ¶ 3 (sample of beer bottle shaped t-shirt sent to San Diego).  Thus, all of these Purple G contacts with California give rise to the claims in this lawsuit, and these are just the contacts that AddVenture is aware of without the benefit of discovery.

So contrary to the sworn declaration of Mr. Weinberg, Purple G does indeed have contacts with California, including in this judicial district; contacts such as directed advertising and negotiating contracts and shipping allegedly infringing products into San Diego, all of which

-4-
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT ROBERT WEINBERG'S MOTION TO DISMISS
CASE NO. 3:07-cv-02024-BTM-AJB

113879.000006/.01

1  relate specifically to the subject matter of this suit.  *Compare,* Weinberg Decl., ¶ 6.  This

2  *corroborated* evidence shows that Purple G has purposefully availed itself of the privilege of

3  conducting business in the forum state, and, because AddVenture's claims arise out of these

4  very activities, the exercise of jurisdiction would be fair and reasonable.  *See In re Infosonics*

5  *Corp. Derivative Litig*., 2007 U.S. Dist. LEXIS 20450, *6 (S.D. Cal. 2007) (Moskowitz, J.)

6  (citing *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155-56 (9th Cir. 2006) for the "minimum

7  contacts" test).  Further, California has a strong interest in providing a convenient forum for

8  its residents who are damaged by such infringers.  And finally, Purple G was aware that it

9  was damaging AddVenture in California and that AddVenture intended to sue in California if

10  Purple G did not stop infringing.  But Purple G just kept right on infringing.  *See* Roberts

11  Decl., ¶ 8 and Exhibit F.  So Purple G should not now be heard to complain that it never could

12  have reasonably been expected to face justice in California.

13       The only thing that remains unclear to AddVenture is the identity and roles of the people

14  behind Purple G.  Mr. Weinberg states that Purple G is an "entity" doing business under that

15  name; an "entity" that is "affiliated" with Mr. Weinberg's closely held LLC, Whitson Wells.

16  Weinberg Decl., ¶ 1.  However, it is unclear what Mr. Weinberg means, because to the best of

17  AddVenture's knowledge Purple G is not a legal entity like a corporation or an LLC that could

18  potentially shield its operators from liability.  To the contrary, Purple G appears to be just a

19  name and a website address that attempts to cloak the identity of its people in secrecy.  *See*

20  Roberts Decl., ¶¶ 2-10 and Exhibits A-E, G.  Precisely because Purple G is not a legal entity

21  separate from its people, AddVenture had to attempt to find out who the people were behind

22  Purple G in order to sue.  *See id.*  And to the best of AddVenture's knowledge, the people or

23  actors behind Purple G include the individual Robert Weinberg, and his LLC, Whitson Wells.

24  *See id.*

25       Importantly, Mr. Weinberg provides no facts to explain what his (or Winston Wells')

26  role is in Purple G.  Rather, he obliquely states that:

27

28

-5-
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT
ROBERT WEINBERG'S MOTION TO DISMISS
CASE NO. 3:07-cv-02024-BTM-AJB

113879.000006/.01

1  While I am involved with the business affairs of the other Defendants, Whitson
2  Wells PMG, LLC and 'Purple G,' my role in those businesses is well-defined as
3  a corporate officer, director or manager. Any actions taken on behalf of those
4  businesses were not made in my personal and individual capacity, but were made
5  solely on behalf of the businesses.

Weinberg Decl., ¶ 7.

Apparently Mr. Weinberg fails to understand that his actions on behalf of Purple G are indeed made in his personal and individual capacity from a liability standpoint, since Purple G is just a name and not a separate legal entity. Accordingly, Mr. Weinberg's self-serving and conclusory statements that he has never done any number of things in his "individual capacity" at Purple G are unavailing. *Compare,* Weinberg Decl., ¶¶ 2, 5, 7. Likewise, it does not avoid liability for patent infringement for Mr. Weinberg to state that he does not "personally" compress shirts or offer them for sale, when he admits to being a director or manager of the people who do. *See* Complaint ¶¶ 19, 26, 33, 40, 47, 54, 61, 68, 75, 82, 89 and 96, alleging direct infringement and infringement by *inducing others* to infringe. *See also,* 35 U.S.C. § 271(b) ("Whoever actively induces infringement of a patent shall be liable as an infringer."). *Compare,* Weinberg Decl., ¶¶ 3, 4, 5, 7. In fact, because he does proclaim to be the manager and director of Purple G, he cannot duck liability for infringement by pointing fingers down to some unnamed people who carry out his orders. Inducing infringement constitutes infringement not only explicitly under the patent statute, but also under the common law doctrine of respondeat superior. *See generally,* Mark A. Lemley, Inducing Patent Infringement, 39 U.C. Davis L. Rev. 225, 228-229 (2005). For similar common sense reasons, Mr. Weinberg should not be able to duck personal jurisdiction by pointing fingers down to some unnamed people who carry out his orders.

The overarching point is that some non-entity operating under the name Purple G is infringing AddVenture's patents, and AddVenture wants to stop the infringement. The results of

-6-
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT
ROBERT WEINBERG'S MOTION TO DISMISS
CASE NO. 3:07-cv-02024-BTM-AJB

113879.000006/.01

AddVenture's investigation into Purple G indicated that the named defendants, especially Mr. Weinberg, would be the most proper defendants to sue to stop this infringement. Defendant's motion and Mr. Weinberg's declaration fail to rebut this conclusion. Accordingly, Defendant's motion to dismiss for lack of personal jurisdiction should be denied. If the Court is not inclined to deny Defendant's motion outright, it should at least grant jurisdictional discovery. *Accord, In re Infosonics Corp. Derivative Litig.*, 2007 U.S. Dist. LEXIS 20450, *5 (S.D. Cal. 2007).

**IV.     CONCLUSION**

AddVenture's complaint states a cause of action for patent infringement against all the named Defendants, including Robert Weinberg, who collectively operate under the name Purple G. Since Purple G has availed itself of specific personal jurisdiction in this judicial district, Mr. Weinberg, as the manager and director of the people operating under the name Purple G, should be subject to personal jurisdiction as well. Accordingly, Defendant's motion should be denied.

Respectfully submitted,

Dated: January 18, 2008          /s/John L. Roberts
                                  John L. Roberts
                                  Attorney for Plaintiff

-7-
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT ROBERT WEINBERG'S MOTION TO DISMISS
CASE NO. 3:07-cv-02024-BTM-AJB

113879.000006/.01