1   **D. Scott Hemingway**
    TX Bar No. 09407880
2   Hemingway & Hansen, LLP
    1717 Main Street, Suite 2500
3   Dallas, Texas 75201
    Phone: (214) 292-8301
    Fax:   (214) 739-5209
4   Email: shemingway@hemlaw.org

5   **Douglas A. Pettit**
    Pettit Kohn Ingrassia & Lutz PC
6   12250 El Camino Real, Ste 350
    San Diego, CA  92130
    Phone: (858) 755-8500
7   Fax: (858) 755-8504
    dpettit@pettitkohn.com

8   Attorney for Robert Weinberg, Whitson Wells
    PMG, LLC and "Purple G"

# UNITED STATES DISTRICT COURT FOR THE

## SOUTHERN DISTRICT OF CALIFORNIA

## SAN DIEGO DIVISION

| | |
|---|---|
| ADDVENTURE PRODUCTS, INC., a California corporation, | Case No:3:07-CV-02024-BTM-AJB |
| Plaintiff,<br>vs. | **DEFENDANT ROBERT S. WEINBERG'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS** |
| ROBERT WEINBERG, et al.,<br><br>Defendants. | |

### DEFENDANT ROBERT S. WEINBERG'S REPLY
### BRIEF IN SUPPORT OF RULE 12(B) MOTION TO DISMISS

COMES NOW Defendant, Robert S. Weinberg, and files this Reply Brief in Support

of its Fed. R. Civ. P. Rule 12(b) Motion to Dismiss as follows.

I.    **INTRODUCTION**

In the Plaintiff's Opposition, the Plaintiff acknowledges that they do not know what actions Mr. Weinberg did or did not conduct that form the basis for their serious accusation of patent infringement. In fact, Addventure Products admits that "the identity and roles of the people behind Purple G" remain "unclear to AddVenture." *Addventure Prods. Opp. Brf., p. 5.* The Plaintiff also fails to identify a single contact Mr. Weinberg personally has with the forum that would make proper this Court's assertion of personal jurisdiction over this named Defendant.

Despite the absence of any information that could satisfy a Rule 11 basis for asserting patent infringement against Mr. Weinberg personally and the absence of any personal contacts with the forum, the Plaintiff improperly named Mr. Weinberg as a Defendant in this matter and attempted to brand him a "patent infringer." Unless, or until, the Plaintiff has actual evidence that will support their claim for patent infringement against Mr. Weinberg personally and in the absence of any specific information about Mr. Weinberg's alleged contacts with the forum, the Plaintiff's Complaint should be dismissed against him.

II.    **ARGUMENT**

In response to the Motion to Dismiss the Complaint against Mr. Weinberg, the Plaintiff must present evidence that supports their claims against the Mr. Weinberg. *See Pebble Beach,* 453 F.3d 1151 (9th Cir. 2006) (minimum contacts test) (*cited in In Re Infosonics Corporation Derivative Litigation,* 2007 U.S. Dist. LEXIS 20450, *6) (J. Moskowitz); *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408 (1984) (review of

specific and general personal jurisdiction principles).    The Plaintiff's response fails to "shoulder its burden" of supporting its claims against Mr. Weinberg personally because it fails to provide any evidence about Mr. Weinberg's personal actions or contacts with the forum that would make proper the Court's exercise of jurisdiction over him personally. Instead, the Plaintiff attempts to "muddy the waters" by addressing alleged activities of other entities.    In the final analysis, however, Plaintiff AddVenture Products admits that it cannot identify a single personal action or contact that would make it appropriate to force Mr. Weinberg to personally defend himself against the allegations of personal patent infringement in this matter.

### A.    Mr. Weinberg Should Be Dismissed from this Action Under Fed. R. Civ. P. Rule 12(b)(2)

The allegations in the Complaint should be based on factual information derived from a proper pre-filing investigation, and Fed. R. Civ. P. Rule 11 specifies the nature of that reasonable investigation.    Addventure Products has accused Mr. Weinberg of patent infringement in its Complaint even though it admits that "the identity and roles of the people behind Purple G" remain "unclear to AddVenture." *Addventure Prods. Opp. Brf., p. 5.* Essentially, the Plaintiff admits that it has no evidence as to who is conducting activity at "Purple G" or what those activities are, but it has accused Mr. Weinberg of the serious offense of patent infringement anyway.    Rule 11 requires much more of the Plaintiff than a "shot in the dark" conclusion coupled with admitted ignorance.

In their Opposition Brief, the Plaintiff admits that it has no evidence to rebut the following: (1) the Defendant Weinberg has had no contacts with this forum relating to the

accused activities in the Addventure lawsuit, (2) Mr. Weinberg did not perform any act or consummate any transaction within the forum or otherwise purposefully avail himself of the privilege of conducting activities in the forum; (3) none of the claims in the lawsuit arise from Mr. Weinberg's personal and individual activities in the forum, and (4) Mr. Weinberg's contacts with the forum of California are unrelated to claims and causes of action in the Addventure Complaint and are not continuous or systematic.  The Opposition Brief fails to rebut any of these positions, and the Plaintiff admits that Addventure Products is still "unclear" about the "the identity and roles of the people behind Purple G" months after filing and serving its Complaint. *Addventure Prods. Opp. Brf., p. 5.*

In light of the Addventure Products failure to support its personal claims against Mr. Weinberg, the exercise of personal jurisdiction over him would be unreasonable and improper -- it would offend the traditional notions of fair play and substantial justice, it would not comport with due process, and it would not comply with the standards set by the California and Federal long-arm statutes. *Id.*  Without any support for a claim of personal jurisdiction over Mr. Weinberg, this Court should dismiss the lawsuit against him under Fed. R. Civ. P. Rule 12(b)(2).

**B.    Mr. Weinberg Should Be Dismissed from the Patent Infringement Claims Under Fed. R. Civ. P. Rule 12(b)(6)**

The question before the Court in Rule 12(b)(6) analysis is whether, in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief against this Defendant, Mr. Weinberg. *Hishon v. King & Spalding,* 467 U.S. 69 (1984); *Conley v. Gibson,* 355 U.S. 41 (1957); *Beanal v. Freeport-McMoran, Inc.,*

197 F.3d 161, 164 (5th Cir. 1999). In the present case, dismissal of Mr. Weinberg personally is appropriate because the Plaintiff has not raised any set of facts in its Opposition Brief that would establish direct or indirect infringement by Mr. Weinberg personally.

In fact, Addventure Products has accused Mr. Weinberg of patent infringement (induced and direct) even though it admits that "the identity and roles of the people behind Purple G" remain "unclear to AddVenture." *Addventure Prods. Opp. Brf., p. 5.* In their Opposition Brief, the Plaintiff admits that it has no evidence to rebut the following: (1) Mr. Weinberg does not personally make, use, sell or offer for sale any of the accused devices in his individual or personal capacity, (2) Mr. Weinberg's actions do not constitute direct acts of patent infringement by Mr. Weinberg, (3) none of Mr. Weinberg's actions with respect to the accused products are personal activities conducted by him as an individual – only as an officer, director and member of the corporate entities also named as a Defendant in this action, (4) apart from those activities inside the business as a representative of the business, the Plaintiff has no supporting evidence that Mr. Weinberg personally committed any acts of patent infringement relating to the compressed fabric promotional items, in this forum or elsewhere.

Corporate entities are created to insulate officers, directors and shareholders from being named in lawsuits for claims related to the corporations actions -- that is what corporate structures do. The Plaintiff requests that this Court ignore that premise and take the extraordinary step of "piercing the corporate veil" without any evidence or support for such an extreme action. Contrary to the Plaintiffs' citation to one law review article, accusations made against a corporation do not automatically flow to officers and directors of a

corporation. There needs to be a special showing of individual involvement, knowledge and willful intent before a patent infringement claim can be extended to people behind the "corporate veil." This special showing has not been alleged by Addventure Products in its Complaint, and cannot be made in the case.

The Plaintiff has not made any showing of fact that supports a patent infringement claim against Mr. Weinberg as an individual – and the Plaintiff has acknowledged their ignorance of who is behind Purple G or what they are doing. Without a proper allegation that is supported by evidence, Mr. Weinberg should not be named as a personal defendant in the present lawsuit, and he should be dismissed from this action under Rule 12(b)(6).

## III.    CONCLUSION

In light of the foregoing, Mr. Weinberg should be dismissed from the present action under Fed. R. Civ. P. Rule 12(b)(2) and (6).

**DATED** this 25th day of January, 2008.

Respectfully submitted,

/s/ D. Scott Hemingway
D. Scott Hemingway
Texas Bar No. 09407880
Hemingway & Hansen, LLP
1717 Main Street, Suite 2500
Dallas, Texas  75201
Ph: (214) 292-8301
Fax: (214) 739-5209

Defendant Robert S. Weinberg's Reply Brief in
Support of Rule 12(B) Motion to Dismiss

1

2
Douglas A. Pettit
Pettit Kohn Ingrassia & Lutz PC
3
12250 El Camino Real, Ste 350
San Diego, CA  92130
4
Phone: (858) 755-8500
Fax: (858) 755-8504
5
dpettit@pettitkohn.com
6

7
**Attorney for Defendant**
**Robert S. Weinberg**
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

## **CERTIFICATE OF SERVICE**

2

     I hereby certify that a copy of the foregoing motion was served on January 25, 2008

3

upon all counsel of record by electronic mail delivery through the Court docketing and

4

notification system.  Any counsel not subscribed to the electronic mail notification system

5

were provided with a copy of the same in the United States Mail, postage prepaid, and sent to

6

their last known address as follow:

7

8

9
Anthony J. Dain
John L. Roberts

10
Procopio, Cory, Hargreaves &
Savitch, LLP

11
530 B Street, Suite 2100
San Diego, CA 92101

12

13

14

15

16

17

18
                                   /s/ D. Scott Hemingway

19

20

21

22

23

24

25