D. Scott Hemingway
TX Bar No. 09407880
Hemingway & Hansen, LLP
1717 Main Street, Suite 2500
Dallas, Texas 75201
Phone: (214) 292-8301
Fax:    (214) 739-5209
Email: shemingway@hemlaw.org

Douglas A. Pettit
Pettit Kohn Ingrassia & Lutz PC
12250 El Camino Real, Ste 350
San Diego, CA  92130
Phone: (858) 755-8500
Fax: (858) 755-8504
dpettit@pettitkohn.com

Attorney for Robert S. Weinberg, Whitson Wells
PMG, LLC and "Purple G"

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| ADDVENTURE PRODUCTS, INC., a California corporation,<br><br>Plaintiff,<br>vs.<br><br>ROBERT WEINBERG, et al.,<br><br>Defendants. | Case No:3:07-CV-02024-BTM-AJB<br><br>**DEFENDANTS WHITSON WELLS PMG LLC, AND PURPLE G'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS** |

**DEFENDANTS WHITSON WELLS PMG, LLC AND
"PURPLE G" REPLY BRIEF IN SUPPORT OF
RULE 12(B) MOTION TO DISMISS**

COMES NOW Defendants, Whitson Wells PMG, LLC and "Purple G", and files this Reply Brief in Support of its Fed. R. Civ. P. Rule 12(b) Motion to Dismiss as follows.

## I. INTRODUCTION

In response to the Motion to Dismiss, the Plaintiff <u>refuses</u> to address the most significant failures in its pleadings – namely, the Plaintiff's Complaint fails to identify how the Defendants' products infringe the asserted products. *See AddVenture Prods. Opp. Brf., p. 3 ("Accordingly, AddVenture will not further address Defendants' improper factual allegations and claim construction arguments . . . ").*

Under *Bell Atlantic v. Twombly,* the Plaintiff's Complaint should possess an allegation that the Defendants' products can be returned to their uncompressed state without the application of water (as required in the asserted utility patent) and that the Defendants' products possess the protectable ornamental aspects of its design patents. The Plaintiff has refused to address these failures in its pleadings, and as such, the Complaint should be dismissed under Rule 12(b)(6).

With respect to the personal jurisdiction motion, the Plaintiff has failed to identify a single sale by the Defendants in the jurisdiction or the State of California. The Plaintiff's jurisdictional support includes the attendance of the Defendant at a Las Vegas trade show, transmission of e-mail blasts across the country, and the response to a quote request initiated by an associated vendor of the Plaintiff. (*compare* names PromoVentures to Plaintiff AddVentures, both in San Diego).

Attending out-of-state trade shows and transmitting e-mail blasts across the country will not, by themselves, support a claim for personal jurisdiction in the forum. And, the response request for a quote from a vendor associated with the Plaintiff was not the

Defendant purposefully reaching out to the forum, but simply responding to a request for information <u>from</u> the forum. Even if this quote request was legitimate (which it was not), the response to the quote request and the transmission of sample products did not result in a consummated sale in the Southern District of California or the State of California. As such, there is no evidence that any resident in the Southern District of California has been damaged by any actions of the Defendants. The Motion to Dismiss under Rule 12(b)(2) should be granted.

## II.   ARGUMENT

The arguments raised by the Defendants' Motions to Dismiss are largely ignored by the Plaintiff's Opposition Brief, and as such, one must conclude that there is weakness in the Plaintiffs' silence. In light of the failures in the allegations, this Court should dismiss this case under Fed. R. Civ. P. Rule 12(b)(2) and (6).

### A.   Whitson Wells PMG, LLC and Purple G Should Be Dismissed from the Patent Infringement Claims Under Fed. R. Civ. P. Rule 12(b)(6)

The question before the Court in Rule 12(b)(6) analysis is whether, in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief against this Defendant. *Hishon v. King & Spalding,* 467 U.S. 69 (1984); *Conley v. Gibson,* 355 U.S. 41 (1957); *Beanal v. Freeport-McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir. 1999); *Wright & Miller, 5B-5c, Federal Practice & Procedure 3d §§1355-58 (2004 & Supp. 2006); 2 Moore's Federal Practice 3d §12.34 (2006); Piotrowski v. City of Houston,* 51 F.3d 512, 514 (5th Cir. 1995) (quoting *Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 524 (5th Cir. 1994)). In the present case, dismissal is appropriate because the Plaintiff cannot

prove any set of facts that would support a claim of infringement by Whitson Wells PMG, LLC or Purple G.

The Plaintiff, AddVenture Products, refuses to address the following reasons that the motion to dismiss should be granted: (1) Whitson Wells PMG, LLC does not directly make, use, sell or offer for sale any compressed fabric promotional items, which means there is no sustainable infringement claim against Whitson Wells PMG, LLC; and, (2) none of the compressed fabric promotional items produced, sold or marketed by Purple G in other forums are capable of being returned to its original un-compacted condition by manipulation without the addition of a liquid. *Exhibit 1, Weinberg Decl., ¶11.* Even the Plaintiff does not practice its own patent because the promotional products sold by Addventure Products require the addition of water during a wash cycle. *See Exhibit 2, Addventure Prods. Catalog, p. 5 (showing washing necessary to get fabric back to un-compacted state).* The Plaintiff responds with silence as to these serious issues.

The protectible scope of a design patent would include only the ornamental aspects shown in the design patent, which have not been identified by the Plaintiff in the Complaint and which are not present in the compressed fabric items produced or sold by Purple G in other forums. *Exhibit 1, Weinberg Decl., ¶ 12.* The Plaintiff refuses to respond to their failure to identify the ornamental aspects of the asserted design patents (as opposed to elements common to all U.S. flags, tennis shoes, football helmets, wine bottles, etc.), which should be required for a proper pleading of design patent infringement. The Plaintiff has also failed to identify any product sold by Purple G that possesses the protectible ornamental elements of the Plaintiff's design patents.

Both Purple G's and the Plaintiff's compacted promotional items do not practice the necessary step in the only utility patent asserted in this matter. *See Claims 1, 8, and 10 of U.S. Patent No. 5,042,227 (return to un-compressed state).* As such, there is no set of facts that can be proven to support the claim of patent infringement of the '227 Patent against Whitson Wells PMG, LLC and Purple G. Further, because the Defendant Purple G does not produce, make, use or sell any products that possess the unidentified protectible elements in the Plaintiff's design patents, there is no set of facts that can be asserted that will support a claim of infringement against Purple G. In light of the above facts, Whitson Wells PMG, LLC and Purple G should be dismissed from this case under Rule 12(b)(6).

**B.     Whitson Wells PMG, LLC and Purple G Should Be Dismissed from this Action Under Fed. R. Civ. P. Rule 12(b)(2)**

Where a non-resident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff shoulders the burden of establishing jurisdiction over those defendants. *Id., see also, Stuart v. Spademan,* 772 F.2d 1185, 1192 (5th Cir. 1985). In the present case, the Plaintiff has failed to "shoulder its burden." In fact, the Plaintiff has still failed to identify a single sale by the Defendants in the jurisdiction or the State of California.

The Plaintiff's sole jurisdictional support includes the Defendants' attendance at a Las Vegas trade show, the transmission of email blasts across the country, and a response to a quote request initiated by an associated vendor of the Plaintiff. (*compare* names PromoVentures to Plaintiff AddVentures, both in San Diego). This support does not directly tie the Defendants into the accused activities in the forum.

First, Las Vegas, Nevada is not in the Southern District of California or the State of California, and there is no evidence that supports the allegations that connections to persons in the forum were made at the trade show. Second, sending an e-mail blast across the country is nothing more than the modern day version of a radio or television advertisement. The emails go out across the country to e-mail addresses, and there is no way to direct the e-mails to a specific geographic area or location – they disperse from coast-to-coast. As such, these facts do not support a claim that the Defendants purposefully availed themselves of the benefits of the forum.

Further, the Defendants apparently responded to an email request initiated from a vendor associated with the Plaintiff. (*compare* PromoVentures to AddVentures names). The request for a quote was an obvious "set-up" by a vendor associated with the Plaintiff, and the Defendants did not purposefully reach out to the vendor by simply responding to his request for a quote. On the contrary, it was the vendor reaching out to Texas and away from the forum that more accurately describes the situation. The Plaintiff should not benefit from establishing its own contacts with Defendants to support a jurisdiction claim.

Further, responding to the quote and sending sample products to this associated vendor did not result in a consummated sale in the Southern District of California or the State of California. Because these activities did not result in a consummated sale in the Southern District of California or the State of California, there is no evidence that any resident in the Southern District of California has been damaged by any actions of the Defendants.

Overall, the exercise of personal jurisdiction over Whitson Wells PMG, LLC and Purple G would be improper because it would offend the traditional notions of fair play and

substantial justice, it would not comport with due process, and it would not comply with the standards set by the California and Federal long-arm statutes. *Id.* Without any support for a claim of personal jurisdiction over Whitson Wells PMG, LLC and Purple G, this Court should dismiss the lawsuit against him under Fed. R. Civ. P. Rule 12(b)(2).

### III. CONCLUSION

At the present time, Whitson Wells PMG, LLC and Purple G respectfully requests that it be dismissed from the present action under Fed. R. Civ. P. Rule 12(b)(2) and (6).

**DATED** this 25th day of January, 2008.

Respectfully submitted,

/s/ D. Scott Hemingway
D. Scott Hemingway
Texas Bar No. 09407880
Hemingway & Hansen, LLP
1717 Main Street, Suite 2500
Dallas, Texas 75201
Ph: (214) 292-8301
Fax: (214) 739-5209

Douglas A. Pettit
Pettit Kohn Ingrassia & Lutz PC
12250 El Camino Real, Ste 350
San Diego, CA 92130
Phone: (858) 755-8500
Fax: (858) 755-8504
dpettit@pettitkohn.com

**Attorney for Defendants
Robert S. Weinberg, Whitson Wells PMG, LLC and "Purple G"**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was served on January 25, 2008 upon all counsel of record by electronic mail delivery through the Court docketing and notification system. Any counsel not subscribed to the electronic mail notification system were provided with a copy of the same in the United States Mail, postage prepaid, and sent to their last known address as follow:

Anthony J. Dain
John L. Roberts
Procopio, Cory, Hargreaves & Savitch, LLP
530 B Street, Suite 2100
San Diego, CA 92101

/s/ D. Scott Hemingway