1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11 | ADDVENTURE PRODUCTS, INC., a    CASE NO. 07cv2024 BTM(AJB)
California corporation,

12                                                    **ORDER DENYING MOTIONS TO**
                                        Plaintiff,    **DISMISS FOR FAILURE TO STATE**

13         vs.                                        **A CLAIM, DENYING WITHOUT**
                                                      **PREJUDICE MOTIONS TO DISMISS**

14                                                    **FOR LACK OF PERSONAL**
                                                      **JURISDICTION, AND GRANTING**

15 | ROBERT WEINBERG, et al.,                          **JURISDICTIONAL DISCOVERY**

16                                        Defendant.

17        Defendants Robert Weinberg ("Weinberg"), Whitson Wells PMG, LLC ("Whitson

18 Wells"), and Purple G (collectively "Defendants") move to dismiss the complaint for failure

19 to state a claim (Fed. R. Civ. P. 12(b)(6)) and lack of personal jurisdiction (Fed.R.Civ.P.

20 12(b)(2).  For the reasons discussed below, Defendants' Rule 12(b)(6) motions are **DENIED**,

21 and Defendants' Rule 12(b)(2) motions are **DENIED WITHOUT PREJUDICE**.  The Court

22 **GRANTS** Plaintiff leave to conduct jurisdictional discovery.

23

24                                   **I.  BACKGROUND**

25        Plaintiff AddVenture Products, Inc. ("Plaintiff" or "AddVenture"), is in the business of

26 producing and selling t-shirts compressed into a variety of shapes for use as promotional

27 items.  (Compl. ¶ 2.)  Plaintiff alleges that Defendants are also in the business of producing

28 and selling compressed t-shirts and that Defendants have offered for sale and/or sold

infringing products in this forum.  (Compl. ¶¶ 8, 14.)

Plaintiff is suing Defendants for patent infringement.  Specifically, Plaintiff alleges that Defendants have infringed Patent No. 5,042,227, entitled "Method & Apparatus for Compression Packaging," in addition to U.S. Design Patent Nos. D431,184 ("Wine Bottle Patent"), D431,186 ("Light Bulb Patent"), D431,456 ("House Patent"), D439,151 ("Tractor/Semitrailer Patent"), D439,153 ("Fish Patent"), D441,282 ("Numeral One Patent"), D445,671 ("Beer Bottle Patent"), D451,009 ("Capsule Patent"), D452,649 ("Helmet Patent"), D454,297 ("Tractor-Trailer Patent"), and D455,341 ("Shoe Patent").

**II.  DISCUSSION**

**A.  Motions to Dismiss for Failure to State a Claim**

Defendants move to dismiss Plaintiff's patent infringement claims on the ground that they fail to state a claim.  The Court disagrees.

Whitson Wells argues that it does not directly make, use, sell or offer for sale any compressed fabric promotional items.  Similarly, Weinberg argues that he is not personally involved in the manufacture, use, sale or offer for sale of any of the accused devices. However, these facts are outside of the pleadings and cannot be considered in deciding a Rule 12(b)(6) motion to dismiss.  See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (explaining that when the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), the court's review is limited to the complaint).

Defendants also argue that Plaintiff cannot prevail on its claim that Defendants infringed the '227 utility patent because both Purple G's and Plaintiff's promotional items require the addition of water to return the fabric to an uncompacted state and, therefore, do not practice a necessary step of the utility patent.    Again, this argument requires the Court to consider evidence outside of the Complaint.

Finally, Defendants argue that Plaintiff has failed to identify the protectible ornamental aspects of the asserted design patents and has failed to identify products of Purple G that

possess these protectible ornamental elements.  However, the pleading requirements under the Federal Rules of Civil Procedure do not require more than "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P 8(2).  Form 18, "Complaint for Patent Infringement," illustrates the simplicity and brevity that is required under the Rules.  Fed. R. Civ. P. 84.  The form complaint includes an allegation that the plaintiff owns the pertinent patent, that defendant infringed the patent by "making, selling, and using *electric motors* that embody the patented invention," and that the plaintiff has complied with the statutory requirement of placing a notice of the patent on all products manufactured and sold by the patent owner under the patent and has given the defendant written notice of the infringement.

Plaintiff's Complaint alleges that he owns the patents in question and that Defendants infringed the patents (1) by making, using, offering for sale and selling t-shirts compressed by a method embodying the patented invention and (2) by making, using, selling, and/or offering for sale compressed t-shirts covered by the claims of the various design patents, and/or inducing others to do the same.  (Compl. ¶¶ 19, 26, 33, 40, 47, 54, 61, 68, 75, 82, 89, 96.)  The Complaint also alleges that Defendants were put on notice that they were infringing Plaintiff's patents.  (Compl. ¶ 15.)  These allegations are sufficient to satisfy the pleading requirements.  Defendants will learn more about the specifics of Plaintiff's claims in the Disclosure of Asserted Claims and Preliminary Infringement Contentions that is required under Patent L.R. 3.1.

Plaintiff has stated claims for patent infringement, and Defendants' motions to dismiss under Rule 12(b)(6) are **DENIED**.

## B.  Motions to Dismiss for Lack of Personal Jurisdiction

Defendants also move to dismiss this action under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.  The Court denies these motions without prejudice.

Federal Circuit law applies when analyzing personal jurisdiction in connection with patent claims.  Akro Corp. v. Luker, 45 F.3d 154, 1543 (Fed. Cir. 1995).  Plaintiff contends

1    that the Court has specific jurisdiction over Defendants.   The determination of whether

2    specific personal jurisdiction over a nonresident defendant is proper entails two inquiries:

3    (1) whether a forum state's long-arm statute permits service of process; and (2) whether the

4    assertion of jurisdiction would be inconsistent with due process.  Inamed Corp v. Kuzmak,

5    249 F.3d 1356, 1359 (Fed. Cir. 2001).  Because California's long-arm statute permits service

6    of process to the limits of the due process clause of the federal Constitution, see Cal. Civ.

7    P. Code § 410.10, the personal jurisdiction analysis in this case narrows to the single inquiry

8    of whether jurisdiction comports with due process.  Electronics for Imaging, Inc. v. Coyle, 340

9    F.3d 1344, 1350 (Fed. Cir. 2003).

10         To determine whether jurisdiction over an out-of-state defendant comports with due

11   process, the Federal Circuit applies the following three-prong test: (1) whether the defendant

12   purposefully directed its activities at residents of the forum; (2) whether the claim arises out

13   of or relates to those activities; and (3) whether assertion of personal jurisdiction is

14   reasonable and fair.  Akro, 45 F.3d at 1545-46.  Although the plaintiff bears the burden to

15   establish minimum contacts, upon this showing, defendants must prove that the exercise of

16   jurisdiction is unreasonable.  Id. at 1546.

17         Plaintiff argues that Purple G purposefully directed its activities at residents of

18   California.  On or about March 27, 2007, Robert Jones contacted Purple G via e-mail, asking

19   for a quote on t-shirts compressed into the shape of a wine bottle.  (Jones Decl. ¶ 2.)

20   Michelle LaBruyere responded to Jones's inquiry, and Jones spoke with her on the telephone

21   in addition to corresponding with her via e-mail.  (Id.)  Jones explained that he was located

22   in San Diego and that the compressed t-shirts would be shipped to a client in Napa.  (Id.)

23   On April 5, 2007, LaBruyere e-mailed him several quotations, titled "Order confirmation/paper

24   proof,"  for compressed t-shirts in the shape of a wine bottle.  (Ex. A to Jones Decl.)  These

25   quotations listed quantity, size, specifications, and price.  The quotations also included a

26   space for a "signature of approval," accompanied by the warning: "By signing here, you

27   certify that all information stated is correct.  Once we receive this fax back from you, we will

28   begin pre-production on your order."  On or about August 30, 2007, Jones received sample

4

1  compressed t-shirts, including one compressed into the shape of a beer bottle, from Purple

2  G.  (Id. at ¶ 3.)  Plaintiff has also submitted evidence that Purple G sends out e-mail blasts

3  advertising compressed t-shirts to e-mail addresses of businesses and potential customers

4  in California.  (Exs. A-E to White Decl.)

5      Plaintiff's patent infringement claims relate to Purple G's activities because Plaintiff

6  asserts, inter alia, that Defendants offered for sale compressed t-shirts that infringed upon

7  Plaintiff's patents.  Purple G argues that its actions do not give rise to specific jurisdiction

8  because no sale to Jones was consummated.  However, 35 U.S.C. § 271(a) was amended

9  in 1996 to include an offer to sell as an act of patent infringement.  35 U.S.C. § 271(a).

10     In 3D Systems, Inc. v. Aarotech Lab., Inc., 160 F.3d 1373 (Fed. Cir. 1998), the

11 Federal Circuit held that Aaroflex purposefully directed its activities at residents of California

12 by sending promotional letters, soliciting orders, sending videos and sample parts, and

13 issuing price quotations to residents of California. Id. at 1378.  The Federal Circuit also held

14 that the price quotation letters were "offers to sell" and that 3D Systems' claim for patent

15 infringement arose out of or related to Aaroflex's actions of sending price quotation letters

16 to California residents.  Id. at 1379.  See also Applied Material, Inc. v. Tokyo Seimitsu, Co.,

17 Ltd., 446 F Supp. 2d 538 (E.D. Va. 2006) (holding that Purchase Order and Evaluation

18 Agreement which contained detailed specifications and purchase price constituted an "offer

19 to sell.").

20     The e-mail blasts sent by Purple G do not list price or a detailed description of the

21 merchandise and probably do not qualify as "offers to sell."  In contrast, the quotations sent

22 by Purple G to Jones in California are specific enough to constitute an "offer to sell."

23     However, it is questionable whether Purple G's dealings with Jones are significant

24 enough to support specific jurisdiction given that Jones initiated the contact.  See, e.g.,

25 McDowell v. Paykel, 2007 WL 1412465 (D. Ariz. May 11, 2007) (finding that specific

26 jurisdiction did not exist where the plaintiff solicited the transaction and contacts consisted

27 of mail, phone, and fax communications.)  The Court does not decide this issue at this

28 juncture, but, rather, grants Plaintiff leave to conduct jurisdictional discovery in light of the e-

1  mail blasts, which suggest that Purple G may have been involved in other sales activity in
2  California.

3       The Court also grants discovery on the issue of whether the Court has personal
4  jurisdiction over Weinberg and Whitson Wells.  It is unclear what the precise relationship is
5  between Weinberg and Whitson Wells on the one hand and Purple G on the other.  Based
6  on the research of Plaintiff's counsel, it does not appear that Purple G is a legal entity.
7  (Roberts Decl. ¶ 2.)  Whitson Wells and Weinberg are somehow affiliated with Purple G
8  because Whitson Wells is listed as the registrant of the www.purpleg.com website, and
9  Robert Weinberg is listed as the administrative and technical contact.   (Id. at ¶ 4.)
10  Defendants state that Purple G "is an entity doing business under that name, and it is directly
11  affiliated with Whitson Wells PMG, LLC." (Weinberg Decl. in support of Whitson Wells and
12  Purple G's Motion to Dismiss, ¶ 1.)  In addition, Weinberg explains, "While I am involved with
13  the business affairs of the other Defendants, Whitson Wells PMG, LLC and 'Purple G,' my
14  role in those businesses is well-defined as a corporate officer, director or manager."
15  (Weinberg Decl. in support of Weinberg's Motion to Dismiss, ¶ 7.)  However, Defendants are
16  less than forthcoming regarding exactly what type of entity Purple G is and what relationship
17  Whitson Wells and Weinberg have to Purple G.

18       Generally, the question of whether to allow jurisdictional discovery rests within the
19  discretion of the trial judge.  America West Airlines, Inc. v. GPA Group, Ltd., 877 F.2d 793,
20  801 (9th Cir. 1989).  However, "where pertinent facts bearing on the question of jurisdiction
21  are in dispute, discovery should be allowed." Id.  See also Wells Fargo & Co. v. Wells Fargo
22  Express Co., 556 F.2d 406, 430 n. 24 (9th Cir. 1977) (explaining that discovery should be
23  granted "where pertinent facts bearing on the question of jurisdiction are controverted . . . or
24  where a more satisfactory showing of the facts is necessary.")

25       Here, jurisdictional discovery is appropriate given questions regarding Purple G's
26  sales activity in California and the uncertainty regarding Whitson Wells' and Weinberg's
27  relationships to Purple G and the extent of their involvement in the alleged acts of patent
28  infringement.  Therefore, the Court **DENIES WITHOUT PREJUDICE** Defendants' motions

1  to dismiss for lack of personal jurisdiction and grants Plaintiff leave to conduct jurisdictional

2  discovery.  The motions to dismiss for lack of personal jurisdiction may be renewed by  filing

3  a supplemental motion within 45 days of completion of the jurisdictional discovery.

4

5                              **III.  <u>CONCLUSION</u>**

6          For the reasons discussed above, Defendants' motions to dismiss for failure to state

7  a claim [**18, 20**] are **DENIED**.  Defendants' motions to dismiss for lack of personal jurisdiction

8  are **DENIED WITHOUT PREJUDICE**.  The Court **GRANTS** Plaintiff leave to conduct limited

9  expedited discovery regarding whether the Court has personal jurisdiction over Defendants.

10  This limited discovery must be completed **within 90 days of the entry of this order** unless

11  otherwise ordered by the Court.  Given the time restrictions on this discovery, the Court

12  cautions the parties that it will not tolerate delay tactics or frivolous objections to discovery.

13  Any such conduct may be punishable by sanctions.  Any disputes regarding the discovery

14  shall be brought forthwith before Magistrate Judge Battaglia.  Defendants may file a

15  supplemental motion to dismiss for lack of personal jurisdiction within 135 days of the entry

16  of this Order.  Counsel shall call the Court's law clerk to obtain a motion date.  Failure to

17  renew the motion shall be construed as acquiescence to the jurisdiction of this Court.

18  Defendants shall not be obligated to file an answer until 10 days after any unfavorable

19  resolution of their supplemental motion or on the aforementioned 135th day if no

20  supplemental motion is made.

21  **IT IS SO ORDERED.**

22

23  DATED:  May 5, 2008

24                                        _Barry Ted Moskowitz_

25                                        Honorable Barry Ted Moskowitz
                                          United States District Judge

26

27

28

7                                                                07cv2024 BTM(AJB)