**D. Scott Hemingway**
TX Bar No. 09407880
Hemingway & Hansen, LLP
1717 Main Street, Suite 2500
Dallas, Texas 75201
Phone: (214) 292-8301
Fax: (214) 739-5209
Email: shemingway@hemlaw.org

**Douglas A. Pettit**
Pettit Kohn Ingrassia & Lutz PC
12250 El Camino Real, Ste 350
San Diego, CA 92130
Phone: (858) 755-8500
Fax: (858) 755-8504
dpettit@pettitkohn.com

Attorney for Robert Weinberg, Whitson Wells PMG, LLC and "Purple G"

**UNITED STATES DISTRICT COURT FOR THE**

**SOUTHERN DISTRICT OF CALIFORNIA**

**SAN DIEGO DIVISION**

| | |
|---|---|
| ADDVENTURE PRODUCTS, INC., a California corporation,<br><br>Plaintiff,<br>vs.<br><br>ROBERT WEINBERG, et al.,<br><br>Defendants. | Case No:3:07-CV-02024-BTM-AJB<br><br>**DEFENDANTS' BRIEF IN SUPPORT OF SUPPLEMENTAL MOTION TO DISMISS**<br><br>**Date: November 14, 2008**<br>**Time: 11:00 am**<br>**Ctrm: 15**<br>**Hon. Barry T. Moskowitz** |

**DEFENDANTS' BRIEF IN SUPPORT OF SUPPLEMENTAL RULE 12(B)(2) MOTION TO DISMISS**

COMES NOW Defendants' "Purple G," Robert S. Weinberg, and Whitson Wells PMG, LLC and file this Fed. R. Civ. P. Rule 12(b)(2) Motion to Dismiss as follows.

## I. INTRODUCTION

In the Plaintiff's Complaint, the Plaintiffs fail to establish any reasonable basis for this Court to assert personal jurisdiction over the Defendants. Under Rule 12(b)(2) of the Federal Rules, the Complaint against the Defendants should be dismissed.

## II. THE FACTUAL BACKGROUND

1. On October 18, 2007, the Plaintiff Addventure Products filed the present Complaint alleging patent infringement against Mr. Weinberg in his individual capacity as a named Defendant. The Complaint alleges that Mr. Weinberg personally engaged in the accused activities in this forum, even though Mr. Weinberg has not personally engaged in any activities related to the accused activities in the forum in his individual capacity and he hardly has the minimum contacts with the forum of California to make the exercise of personal jurisdiction reasonable.

2. Mr. Weinberg has provided a sworn declaration (Exhibit 1 hereto), that is undisputed by any evidence supplied by the Plaintiffs, as follows:

a. He is a resident of Texas. He does not own or control any business in the State of California, the Southern District of California, or San Diego, California, and he is not engaged in any regular and established business in the State of California, the Southern District of California, or San Diego, California. *Exhibit 1, Weinberg Decl., ¶ 1.*

b. He does not engage in any advertising or promotional sales activities in his individual capacity in this forum (California) or elsewhere, and he does not engage in any advertising or promotional sales activities in his individual capacity in this forum (California) or elsewhere. *Exhibit 1, Weinberg Decl.,* ¶ *2.*

c. He does not personally make, use, sell or offer for sale any compressed fabric promotional items, and he does not conduct any type of personal business in this forum (California) that relates in any manner to the accusations in the Complaint. *Exhibit 1, Weinberg Decl.,* ¶ *3.*

d. He does not own or operate any website for his own personal use, and he does not advertise, solicit, or offer any personal services to or in the State of California, the Southern District of California, or San Diego, California. *Exhibit 1, Weinberg Decl.,* ¶ *4.*

e. He does not personally engage in any of the accused activities in this lawsuit in his individual capacity, in this forum or anywhere else. *Exhibit 1, Weinberg Decl.,* ¶ *5.*

f. He is the Managing Director of Whitson Wells PMG, LLC, but neither he nor the other Defendants have ever shipped to or consummated a sale of any compressed fabric promotional items to a purchaser in the State of California, the Southern District of California, or San Diego, California. *Exhibit 1, Weinberg Decl.,* ¶ *6.*

g. While he is involved with the business affairs of the other Defendants, Whitson Wells PMG, LLC and "Purple G," his role in those businesses is well-defined as a Managing Director of Whitson Wells PMG, LLC. Any actions taken on behalf of those

businesses were not made in his personal and individual capacity, but were made solely on behalf of the businesses. *Exhibit 1, Weinberg Decl., ¶ 7.*

h. Regardless, none of the actions taken by him in the business affairs of the other two Defendants, Whitson Wells PMG LLC and "Purple G," included the shipment or consummated sale of any compressed fabric promotional item to a purchaser in the State of California, the Southern District of California, or San Diego, California. *Exhibit 1, Weinberg Decl., ¶ 8.*

i. With respect to activities alleged in the Complaint, he does not believe he has sufficient minimum contacts with the forum of California because he did not perform any act or consummate any transaction in the State of California relating to the subject matter of this lawsuit that would purposefully avail himself of the privilege of conducting activities in the forum. *Exhibit 1, Weinberg Decl., ¶ 9.*

j. The claims in the Addventure lawsuit do not arise from his personal and individual activities in the State of California. *Exhibit 1, Weinberg Decl., ¶ 10.*

k. With respect to any other contacts with the State of California unrelated to the allegations in the Addventure lawsuit, Mr. Weinberg has no continuous or systematic contacts with the State of California. *Exhibit 1, Weinberg Decl., ¶ 11.*

3. On October 18, 2007, the Plaintiff Addventure Products filed the present Complaint alleging patent infringement against Whitson Wells PMG, LLC and "Purple G." The Complaint alleges that these entities directly engaged in the accused activities in this forum, even though neither of these Defendants has engaged in any activities related to

compressed fabric promotional items in this forum and neither has the requisite minimum contacts with the forum of California to make the exercise of personal jurisdiction reasonable.

4. The Managing Director of Whitson Wells PMG, LLC, Mr. Weinberg, has provided a sworn declaration (Exhibit 2 hereto), that is undisputed by any evidence supplied by the Plaintiffs, as follows:

a. Defendants Whitson Wells PMG, LLC is a limited liability company incorporated in Texas. *Exhibit 2, Weinberg Decl., ¶ 1.*

b. "Purple G" is a product line for a promotional product line offered by an entity doing business under the name "Purple Giraffe," which owned by Whitson Wells PMG, LLC. *Exhibit 2, Weinberg Decl., ¶ 1.*

c. Both Whitson Wells PMG, LLC and Purple Giraffe operate from Dallas, Texas, and neither of these entities is located in or operates out of the State of California, the Southern District of California, or San Diego, California. *Exhibit 2, Weinberg Decl., ¶ 2.*

d. Whitson Wells PMG, LLC, Purple G, and Purple Giraffe are not corporations or business entities registered with the California Secretary of State's office, and none is engaged in any regular and established business in the State of California, the Southern District of California or San Diego, California relating to compressed fabric promotional articles. *Exhibit 2, Weinberg Decl., ¶ 3.*

e. Whitson Wells PMG, LLC does not directly engage in any promotional or marketing sales activities, and Whitson Wells PMG, LLC does not directly offer, sell, invoice or ship any promotional or marketing materials of any kind to anyone or anywhere,

including the State of California, the Southern District of California or San Diego, California. *Exhibit 2, Weinberg Decl.*, ¶ *4.*

f. Whitson Wells PMG, LLC does not directly make, use, sell or offer for sale any compressed fabric promotional items or conduct any type of business with those articles that could be considered to be covered by any of the accusations in this Complaint. *Exhibit 2, Weinberg Decl.*, ¶ *5.*

g. Whitson Wells PMG, LLC does not operate a website for Whitson Wells PMG, LLC to advertise or promote any services related to compressed fabric promotional articles. *Exhibit 2, Weinberg Decl.*, ¶ *6.*

h. Whitson Wells PMG, LLC, Purple Giraffe, and Purple G have never shipped or consummated the sale of any compressed fabric promotional product to a customer in the State of California, the Southern District of California or San Diego, California. *Exhibit 2, Weinberg Decl.*, ¶ *7.*

i. Purple G or Purple Giraffe have not directly engaged in any promotional or marketing sales activities relating to compressed promotional items in the State of California, the Southern District of California or San Diego, California, and Purple G or Purple Giraffe have not consummated any sales of, or shipped to any compressed promotional items to anyone in the State of California, the Southern District of California or San Diego, California. *Exhibit 2, Weinberg Decl.*, ¶ *8.*

j. Purple G or Purple Giraffe have not directly made, used, or consummated the sale of any compressed fabric promotional items or conducted any type of business with those articles that could be considered to be covered by any of the accusations

in this Complaint in the State of California, the Southern District of California or San Diego, California. *Exhibit 2, Weinberg Decl.,* ¶ *9.*

k. Purple Giraffe does operate a website, but it is passive website that does not allow for interactive responses from the website browser. The Purple Giraffe website does not allow for orders to be submitted, and there is no contact information that is provided on the website to allow browsers to respond to the website. *Exhibit 2, Weinberg Decl.,* ¶ *10.*

l. None of the compressed fabric promotional items produced, sold or marketed by Purple Giraffe in other forums are capable of being returned to its original un-compacted condition by manipulation without the addition of a liquid. *Exhibit 2, Weinberg Decl.,* ¶ *11.* Like the Plaintiff Addventure Products' compacted fabric promotional items, the compacted promotional items produced and sold by Purple G require the addition of water during a wash cycle. *See Exhibit 3, Addventure Prods. Catalog, p. 5 (showing washing necessary to get fabric back to un-compacted state).* As such, both the Purple Giraffe and the Plaintiff's compacted promotional items do not practice a vital and necessary step in the only utility patent asserted in this matter. *See Claims 1, 8, and 10 of U.S. Patent No. 5,042,227.*

m. None of the compressed fabric items produced or sold by Purple Giraffe in other forums include, possesses, or contain the ornamental and protectible aspects of the asserted design patents. *Exhibit 2, Weinberg Decl.,* ¶ *12.*

## III. ARGUMENT

In response to the Complaint, the Defendants must present a pre-answer motion identifying any applicable Fed. R. Civ. P. Rule 12(b) defense. *Wright & Miller,* 5b *Federal Practice & Procedure 3d,* §§ 1346-49 (2004); 2 Moore's Federal Practice 3d §§12.01-12.03

(2005); *Pebble Beach Co. v. Michael Caddy,* 453 F.3d 1151 (9th Cir. 2006); *Schnabel v. Lui,* 302 F.3d 1023 (9th Cir. 2002); *Albany Ins. Co. v. Almacenadora Somex*, 5 F.3d 907, 909 (5th Cir. 1993). According to the Court's May 5, 2008 Order, the Defendants were given the opportunity to re-file this Motion to Dismiss following jurisdictional discovery. The basis for the present motion to dismiss is lack of personal jurisdiction under Rule 12(b)(2).

As this Court appears to be familiar with the applicable standards for analyzing personal jurisdiction in the State of California and under Federal Circuit law, this motion will not presume to occupy this Court's time with a lengthy review the tests used to analyze general and specific personal jurisdiction. *See Pebble Beach,* 453 F.3d 1151 (9th Cir. 2006) (minimum contacts test) (*cited in In Re Infosonics Corporation Derivative Litigation*, 2007 U.S. Dist. LEXIS 20450, *6) (J. Moskowitz); *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408 (1984) (review of specific and general personal jurisdiction principles); *Akro Corp. v. Luker,* 45 F.3d 1549, 1543 (Fed. Cir. 1995); *Inamed Corp. v. Kuzmak*, 249 F. 3d 1356, 1359 (Fed. Cir. 2001); *Electronics for Imaging, Inc. v. Coyle,* 340 F.3d 1344, 1350 (Fed. Cir. 2003).

Where a non-resident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff shoulders the burden of establishing jurisdiction over those defendants, and the defendants must show that the exercise of jurisdiction is unreasonable. *Id., see also, Stuart v. Spademan,* 772 F.2d 1185, 1192 (5th Cir. 1985). In the present case, the Plaintiff cannot sustain a showing of sufficient personal contacts with the forum by the Defendants relating to

the merits of this lawsuit. Any contacts with the forum by these Defendants are insufficient to make exercising personal jurisdiction over these Defendants reasonable under the law.

**A. "Purple G" Should Be Dismissed From This Matter**

"Purple G" is not a business or corporate entity -- it is a product line name and brand designator. For example, "Polo"® is a product line designator for a Ralph Lauren brand of clothing, and "iPod"® is a brand of personal music playing devices produced by Apple Computers. In the same way, "Purple G" is a product line of promotional items offered by a business called "Purple Giraffe," which is an entity owned by Whitson Wells PMG, LLC.

This organizational structure and the use of "Purple G" as a brand identifier was clearly described and delineated to the Plaintiff at the jurisdictional deposition taken in this matter. There is nothing confusing about the use of "Purple G" by the Defendants and there is no dispute about the fact that "Purple G" is a brand name for products -- not a business entity. Because "Purple G" is not an entity capable of having contact with the forum, engaging in any infringing activities, or being sued in a legal action, "Purple G" should be dismissed from this matter.

**B. Defendant Weinberg Should Be Dismissed under Fed. R. Civ. P. 12(b)(2)**

The Defendant Weinberg has had no personal contacts with this forum relating to the accused activities in the Addventure lawsuit. Mr. Weinberg did not personally perform any act or consummate any transaction within the forum relating to the accused activities or otherwise purposefully avail himself of the privilege of conducting activities in the forum. *Pebble Beach, id. at 1155.*

Because none of the claims in the lawsuit arise from Mr. Weinberg's personal and individual activities in the forum, the exercise of specific personal jurisdiction over him personally would be unreasonable. *Id.* Further, any contact by Mr. Weinberg with California and this judicial district that are unrelated to claims and causes of action in the Addventure Complaint are not continuous or systematic. Therefore, the exercise of general personal jurisdiction over him would be inappropriate.

Addventure Products has accused Mr. Weinberg of individual acts of patent infringement in its Complaint even though it admits that Mr. Weinberg's actions remain "unclear to AddVenture." *Addventure Prods. Opp. Brf., p. 5.* Essentially, the Plaintiff admits that it had no evidence supporting its allegations regarding Mr. Weinberg's personal activities or any actions he undertook in his official capacity at Whitson Wells PMG, LLC. The Plaintiff has accused Mr. Weinberg of the serious offense of patent infringement without good cause.

To clarify any perceived ambiguity about the Defendants' business operations, Purple G is a product line designator offered by the entity "Purple Giraffe." "Purple Giraffe" is an entity doing business under that name, and "Purple Giraffe" is owned by Whitson Wells PMG, LLC. Mr. Weinberg is the duly appointed Managing Director of the Whitson Wells PMG, LLC, and any accused activities in the Complaint relate to the actions taken by Whitson Wells PMG, LLC or its affiliated businesses -- not to Mr. Weinberg's personal actions or activities in the forum.

Mr. Weinberg does not personally offer for sale or sell compressed fabric articles. *See Exhibit 1, Declaration of Weinberg, paragraph 2 and 5.* Because any actions taken by Mr.

Weinberg relating to compressed fabric articles would have been taken in his role and under his duty as Managing Director of Whitson Wells PMG, LLC, he has not engaged in individual acts that are properly the subject of a patent infringement allegation. Mr. Weinberg certainly has not conducted activities that would make it reasonable to exercise personal jurisdiction over him personally.

In their Opposition Brief, the Plaintiff admits that it has no evidence to rebut the following: (1) the Defendant Weinberg has had no contacts with this forum relating to the accused activities in the Addventure lawsuit, (2) Mr. Weinberg did not perform any act or consummate any transaction within the forum or otherwise purposefully avail himself of the privilege of conducting activities in the forum; (3) none of the claims in the lawsuit arise from Mr. Weinberg's personal and individual activities in the forum, and (4) Mr. Weinberg's contacts with the forum of California are unrelated to claims and causes of action in the Addventure Complaint and are not continuous or systematic. The Plaintiffs' evidence of contacts identified in their Opposition Brief do not support the exercise of personal jurisdiction over Mr. Weinberg personally. The Opposition Brief fails to rebut any of these positions, and the Plaintiff admits that Addventure Products is still "unclear" about the actions of the Defendants months after filing and serving its Complaint. *Addventure Prods. Opp. Brf., p. 5.*

Jurisdictional discovery has been provided to the Plaintiffs, but no evidence has been uncovered that supports the exercise of personal jurisdiction over Mr. Weinberg personally. The exercise of personal jurisdiction over Mr. Weinberg would be unreasonable because it would offend the traditional notions of fair play and substantial justice, it would not comport

with due process, and it would not comply with the standards set by the California and Federal long-arm statutes. *Id.* Without sufficient support for a claim of personal jurisdiction over Mr. Weinberg as an individual, this Court should dismiss the lawsuit against him under Fed. R. Civ. P. Rule 12(b)(2).

**C. Whitson Wells PMG, LLC Should Be Dismissed under Fed. R. Civ. P. 12(b)(2)**

In the present case, the Plaintiff cannot sustain a showing that sufficient contacts relating to accused infringing actions initiated by Defendant Whitson Wells PMG, LLC to the forum. Whitson Wells PMG, LLC (or any other entity operated by Whitson Wells PMG, LLC) has not initiated any contacts with this forum relating to the accused activities in the Addventure lawsuit, and as such, it does not perform any act or consummate any transaction within the forum or otherwise purposefully avail those entities of the privilege of conducting activities in the forum. *Pebble Beach, id. at 1155.*

Because none of the claims in the lawsuit arise from the activities initiated by Whitson Wells PMG, LLC with the forum, the exercise of specific personal jurisdiction over it would be unreasonable and improper. *Id.* Further, Whitson Wells PMG, LLC contacts with the forum of California that are unrelated to claims and causes of action in the Addventure Complaint are not continuous or systematic, and therefore, the exercise of general personal jurisdiction over either entity would be inappropriate.

The exercise of personal jurisdiction over Whitson Wells PMG, LLC would be unreasonable because it would offend the traditional notions of fair play and substantial justice, it would not comport with due process, and it would not comply with the standards set by the California and Federal long-arm statutes. *Id.* Without any support for a claim of

personal jurisdiction over Whitson Wells PMG, LLC, this Court should dismiss the lawsuit against him under Fed. R. Civ. P. Rule 12(b)(2).

**D. "Email Blasts" Do Not Qualify As Sufficient Contacts With the Forum**

In its prior Opposition briefing, the Plaintiff previously identified email "blast" transmissions as establishing sufficient contacts with the forum to make reasonable this Court's exercise of personal jurisdiction over the Defendants. The Plaintiff's contentions fail to recognize an important deficiency with that argument. Namely, email blasts are not sales activities in the forum and the "blast" transmissions are not specific enough to be considered "offers for sale." *See May 5, 2008 Order, p. 5.*

As this Court found, the "email blast sent by Purple G do not list price or a detailed description of the merchandise." *Id.* These e-mail blasts are general advertisements sent across the country, which is nothing more than the modern day version of "one-way" radio or television advertisement. The emails go out across the country to e-mail addresses, and there is no economical way to direct the e-mails to a specific geographic area or location – they usually disperse from coast-to-coast. Where physical addresses are known to be related to the email addresses, the Defendants have attempted to avoid sending the emails to recipients in California because that is not a market of interest to the Defendants. As such, the email "blasts" do not support a claim that the Defendants purposefully availed themselves of the benefits of the forum.

This Court has already indicated, as preliminary matter, that the email "blasts" relied upon by the Plaintiffs "probably do not qualify as offers for sell." *Id. citing 3D Systems, Inc.v. Aarontech Lab., Inc.*, 160 F.3d 1373 (Fed. Cir. 1998) (minimum standard for an offer for sale

activities), *Applied Materials, Inc. v. Tokyo Seimitsu, Co., Ltd.,* 446 F.Supp. 2d 538 (E.D. Va 2006). Jurisdictional discovery has been taken, but nothing in the discovery would effect this Court's preliminary findings that these email "blasts" are not "offer for sale" purposefully directed to the forum. In fact, the deposition testimony provided to the Plaintiffs indicates that the Defendants have no desire to send certain email blasts to the potential customers in the State of California because there is no desire to capture any business in that forum. California is simply not a market that is sought after by the Defendants, and it is not a forum where the "offer for sale" are purposefully directed by the Defendants. Accordingly, the email "blasts" do not support a reasonable exercise of personal jurisdiction.

**E. Contacts With Forum Initiated By Others Does Not make Jurisdiction**

The Plaintiff also relies on an email response to an inquiry sent from Mr. Jones of PromoVentures in San Diego, California. Email responses were sent Mr. Jones' email request, but these responses do not support the exercise of personal jurisdiction over the Defendants. First and foremost, Mr. Jones <u>initiated</u> the contact with the Defendants – not the other way around. The Defendants apparently responded to an email request initiated from this vendor, who is apparently associated with the Plaintiff. (e.g. both businesses are located in San Diego, and both businesses use Venture in their name, PromoVentures & AddVentures Products).

Obviously, Mr. Jones initiated the contacts with the Defendants <u>at the request</u> of the Plaintiff so the Jones declaration could be prepared and the Plaintiff's Opposition to the Motion to Dismiss could be supported. The Plaintiff has not rebutted or refuted this contention -- that Addventure Products requested Mr. Jones to initiate this contact with the

Defendants to support their jurisdictional claim. The request for a quote from Mr. Jones was obvious "set-up" indirectly requested by the Plaintiff, and the Defendants did not purposefully reach out to this vendor by simply responding to his request for a quote. On the contrary, it was the Plaintiff reaching out to Texas to create an evidentiary trail that more accurately describes the situation. The Plaintiff should not benefit from establishing its own contacts with Defendants through an "entrapment" exercise.

Further, responding to the quote and sending sample products to a vendor associated with the Plaintiff did not result in a consummated sale in the Southern District of California or the State of California. Because these activities did not result in a consummated sale in the Southern District of California or the State of California, there is no evidence that any resident in the Southern District of California has been damaged by any actions of the Defendants.

This Court has already found that Mr. Jones "initiated the contact" with the Defendants -- which makes it questionable whether such a contact is sufficient to support the reasonable exercise of personal jurisdiction. *See May 5, 2008 Order, p. 5-6.* Apart from this single contact, it is believed that the jurisdictional discovery did not reveal any other accused activities that would make the exercise of personal jurisdiction over the Defendants reasonable.

Overall, the exercise of personal jurisdiction over the Defendants would be improper because it would offend the traditional notions of fair play and substantial justice, it would not comport with due process, and it would not comply with the standards set by the California and Federal long-arm statutes. *Id.* Without any support for a claim of personal jurisdiction

over the Defendants, this Court should dismiss the lawsuit against him under Fed. R. Civ. P. Rule 12(b)(2).

## IV. CONCLUSION

In light of the foregoing, Mr. Weinberg, "Purple G," and Whitson Wells PMG, LLC should be dismissed from the present action under Fed. R. Civ. P. Rule 12(b)(2).

**DATED** this 17th day of September, 2008

Respectfully submitted,

/s/ D. Scott Hemingway________

D. Scott Hemingway
Texas Bar No. 09407880
Hemingway & Hansen, LLP
1717 Main Street, Suite 2500
Dallas, Texas 75201
Ph: (214) 292-8301
Fax: (214) 739-5209

Douglas A. Pettit
Pettit Kohn Ingrassia & Lutz PC
12250 El Camino Real, Ste 350
San Diego, CA 92130
Phone: (858) 755-8500
Fax: (858) 755-8504
dpettit@pettitkohn.com

**Attorney for Defendants**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing motion was served on September 17, 2008 upon all counsel of record by electronic mail delivery through the Court docketing and notification system. Any counsel not subscribed to the electronic mail notification system were provided with a copy of the same in the United States Mail, postage prepaid, and sent to their last known address as follow:

Anthony J. Dain
John L. Roberts
Procopio, Cory, Hargreaves &
Savitch, LLP
530 B Street, Suite 2100
San Diego, CA 92101

/s/ D. Scott Hemingway